BAILES, Judge.
Plaintiff, William H. Bennett, sued defendants to recover special and general damages for bodily injuries he received when struck by a piece of concrete while working on the construction of the Rubicon Chemical Company plant at Geismar in Ascension Parish, Louisiana. Originally this action was brought against A. J. Toups Company, Inc. (Toups), as the employer of defendant, David Comeaux, and Maryland Casualty Company, as insurer of Toups. By amended petition, Central Painting Contractors, Inc., and its liability insurer, Phoenix Assurance Company of New York were substituted as defendants in lieu of Toups and Maryland Casualty Company, and the two latter named parties were dismissed from this action. Consequently, the defendants herein are Central Painting Contractors, Inc., its employee, David Comeaux, and its public liability insurer, Phoenix Assurance Company of New York. The trial court awarded judgment in favor of plaintiff and against all defendants in the amount of $4,570.80, and all defendants have appealed.
Plaintiff has answered the appeal. He seeks an increase in the amount of the award to the sum of $8,570.80. We determine the judgment appealed from is correct both in the finding of liability and the *63 quantum of the award, and accordingly, it is affirmed.
The plaintiff, on January 10, 1966, was employed as a pipefitter in the construction of an open type industrial building. This structure, at the time of the accident, had no outside walls. From the photographs in evidence, this building appears as a skelton of steel beams which support concrete floors. These photographs show that certain equipment and fixtures have been installed on the various floors. The structure is five stories high. Access to the floors is provided by a stairway constructed within and at one end of the structure. While we cannot state with accuracy the distance between each floor, it appears that there is a vertical spacing of approximately 16 to 18 feet. The end of the building at which the stairway or well is located has no equipment or apparatus to obstruct or impede the fall of any object. The stairway from one floor to the next is divided by a landing at the halfway point between the floors.
In the construction of the floors, soft or unset concrete either unavoidably or inadvertently spilled over from the forms on the steel support beams in different places and in various amounts where it was allowed to remain and harden.
Plaintiff testified that the work crew in which he was employed was engaged in the performance of duties on the second floor and that he was directed to go to the fourth floor to secure a certain tool called a sander or grinder. On the way back to his duty area, and as he was descending the stairs and when he had reached a point between the first and second floors, he was struck on the head, face and shoulder by a piece of concrete which became dislodged from some place above him.
On the day of the accident, the defendant, David Comeaux, was engaged as a painter on the job. His painting equipment included a ladder, a spray gun, a paint pot, two hoses and a scraper. These two hoses extended from the paint pot to the spray gun. One hose carried compressed air and the other carried paint. At the time the plaintiff was injured, Co-meaux was painting from the landing between the third and fourth floors. Co-meaux testified that he was working from a ladder on the landing between the third and fourth floors, although there was other testimony that he was on a beam between these floors.
There was no witness who testified that he saw the piece of concrete dislodged by Comeaux, except one by the name of Ronnie Lee Watts. Sufficient mystery and doubt surrounds the eye-witness account of Watts of the accident to justify the complete exclusion of his testimony. The trial judge, in his reasons for judgment, rejected his testimony as unworthy of belief. We concur in this holding.
In their brief the defendants assign two errors of the trial court in finding for the plaintiff. Defendants contend the trial court applied, without naming it as such, the doctrine of res ipsa loquitur. We do not find such to be a fact. The other error contended for by the defendants is that the trial court erred in basing a decision on circumstantial evidence without excluding every other reasonable hypothesis as to the cause of the accident. We find that apparently the trial court did base its decision on circumstantial evidence.
While it was shown that there were other workmen engaged in their respective crafts on the three floors above the location of the plaintiff at the time he was felled by this concrete missile, we are convinced that this lethal mass of concrete fell from the open area of the stairway and that there were no other persons working in this area except Comeaux. This open area of the stairs was the only place through which a piece of concrete of the size that struck plaintiff could have fallen. Comeaux admitted that he was cleaning and painting the beams in the stairwell. It seems highly unlikely to us that this piece of concrete could have been dislodged from *64 any place in the building and plummeted through the stairwell, except within the area of the stairs.
We find the evidence does exclude every other reasonable hypothesis of causation except that this piece of concrete was dislodged by Comeaux as he was clearing and painting the beams.
In the case of Naquin v. Marquette Casualty Company (1963) 244 La. 569, 153 So.2d 395, the Supreme Court of this state, said:
“[1] Causation may, of course, be proved by circumstantial evidence. In many instances, it can be proved only by such evidence. Taken as a whole, circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes. Otherwise, the mere identification by the record of another possibility, although not shown to be causally active, would break the chain of causation.”
The sole proximate cause of the plaintiff’s injury was the negligent act of defendant, David Comeaux, in dislodging the piece of concrete which struck plaintiff as he was descending the stairs below.
As to the .injuries of the plaintiff, the treating physician testified that he received a compound comminuted fracture of the nose, laceration of right cheek, contusion of his right shoulder and a small laceration of the tongue. The latter injury required no medical treatment. The doctor testified that the nasal bones were fractured into several pieces. He was confined in the hospital for four days and made an uneventful recovery without any permanent disability. The medical expenses were stipulated to be $630.47. The trial court awarded $300 for dental treatment and $140.80 for lost earnings. We find these awards are sufficently supported by the evidence. The trial court awarded plaintiff $3,500 for physical pain and suffering and for minimal scarring. We believe this to be fair and adequate.
For the foregoing reasons, the judgment appealed from is affirmed. Defendants to pay all court costs.
Affirmed.